IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA INEZ BRUNO                                                                PLAINTIFF

vs.                              Civil No. 2:15-cv-02263

CAROLYN COLVIN                                                                DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Jessica Inez Bruno ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF  No. 6.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for DIB was filed on July 21, 2010 and SSI was filed on July 24, 2010.

(Tr. 46-49, 103-110).  Plaintiff alleged she was disabled due to ADHD, clinical depression, and

inter-explosive disorder. (Tr. 140).  Plaintiff alleged an onset date of January 1, 2009. *Id.*  These

applications were denied initially and again upon reconsideration.  (Tr. 9).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

requested an administrative hearing on her applications and this hearing request was granted.  (Tr. 65).

After a hearing, the ALJ issued an unfavorable decision on October 26, 2011.  (Tr. 9-18). The Appeals Council denied review.  (Tr. 1-5).  Plaintiff successfully appealed this decision and on January 16, 2014, this Court reversed and remanded the case to the Commissioner.  (Tr. 353-361).

Plaintiff had subsequent administrative hearings December 1, 2014 and on July 14, 2015. (Tr. 272-305, 252-271).  During the July 2015 hearing, it was noted Plaintiff had failed to appear for three consultative exams.  (Tr. 254).  Also at this hearing, Plaintiff amended her claim and requested a closed period of disability from January 1, 2009 through March 30, 2013, because she went back to work.  (Tr. 255-256, 266-267, 276, 290, 293).

Plaintiff was present and was represented by counsel, David Harp, at the hearings.  (Tr. 252-271, 272-305).  Plaintiff and Vocational Expert ("VE") Debra Steele testified at the hearings.  *Id.* At the time of the hearings, Plaintiff was twenty-seven (27) years old and had a tenth grade education.  (Tr. 278-279).

On November 4, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 235-246).  In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through September 30, 2009.  (Tr. 237, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from January 1, 2009, through March 30, 2013.  (Tr. 237, Finding 2).

The ALJ determined Plaintiff had the severe impairments of dysthymia, a learning disorder, anxiety disorder, personality disorder, and intermittent explosive disorder.  (Tr. 237, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of

any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 238, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 239-244). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels except only where interpersonal contact with coworkers and supervisors was incidental to the work performed; no contact with the public; complexity of task was learned and performed by rote with few variables and use of little judgment; and the supervision was simple, direct, and concrete. (Tr. 239-240, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 244, Finding 6). The ALJ found Plaintiff had no PRW during the alleged closed period of disability. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 245, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as production helper with 900 such jobs statewide and 38,100 such jobs in the nation, industrial cleaner with 9,000 such jobs statewide and 1,096,000 such jobs in the nation, gluer with 3,900 such jobs statewide and 220,100 such jobs in the nation, photo machine copy operator with 190 such jobs statewide and 27,200 such jobs in the nation, press clipping cutter and paster with 700 such jobs statewide and 99,900 such jobs in the nation, and nut sorter with 160 such jobs statewide and 13,600 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 2009 to March 30, 2013. (Tr. 246, Finding

3

11).

Plaintiff exhausted all administrative remedies, and on December 23, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 29, 2015. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

## 2. __Applicable Law:__

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) in his credibility analysis, and (C) in the Step 5 determination. ECF No. 12, Pgs. 9-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must

be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See*

*Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence

in the record' in determining the RFC, including 'the medical records, observations of treating

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

The Plaintiff has the burden of producing documents and evidence to support his or her claimed

RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

2001).   Furthermore,  this  Court  is  required  to  affirm  the  ALJ's  RFC  determination  if  that

determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,*

228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform a full range of work

at all exertional levels except only where interpersonal contact with coworkers and supervisors was

incidental to the work performed; no contact with the public; complexity of task was learned and

performed by rote with few variables and use of little judgment; and the supervision was simple,

direct, and concrete.  (Tr. 239-240, Finding 5).  Plaintiff argues the ALJ should have given more

weight to the opinion and mental findings of consultative examiner Dr. Patricia Walz.  ECF No. 12,

Pgs. 9-14.  However, substantial evidence supports the ALJ's RFC determination.

In his decision, the ALJ assigned little weight to Dr. Walz's opinion of severe restrictions in the RFC questionnaire.  (Tr. 228-231).  The ALJ properly assigned little weight to Dr. Walz's opinion, as she provided no objective findings to support her assessment, and there were no clinical findings from Dr. Walz's MMPI-2 report that support greater restrictions.  (Tr. 225, 244).

The ALJ assigned substantial weight to the assessment from Dr. Diane Brandmiller who prepared a Mental Diagnostic Evaluation on Plaintiff on September 16, 2009.  (Tr. 176-182).  Dr. Brandmiller indicated Plaintiff appeared capable of sustaining concentration and persistence on basic tasks because she had the ability to track and respond to various questions and tasks without significant psychomotor slowing; she exhibited good performance on short-term memory tasks with a five-minute delay; she could attend and sustain concentration on simple tasks; and she was able to perform simple mathematical calculations.  (Tr. 181-182).  Dr. Brandmiller also noted Plaintiff did not display unusual or bizarre behavior, her grooming and hygiene were appropriate, and she was able to interact in a socially appropriate manner.  (Tr. 181).

Additionally, it should be noted Plaintiff worked at substantial gainful activity as a cashier at Lowes for more than nine months immediately following the end of her alleged closed period of disability.  (Tr. 282-284).  During this period, there was no mental health treatment, which would refute her alleged inability to deal with coworkers and supervisors.  Furthermore, Plaintiff testified her period of disability ended because she returned to work.  (Tr. 255).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be

affirmed.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in her credibility determination. ECF No. 12, Pgs. 14-15. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 14.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 240-244). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living inconsistent with the record, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) medical treatment history, (5) Plaintiff's lack of medication use, and (6) Plaintiff's work history following her alleged closed period. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

**C. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004).  The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003).  If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy.  It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992).  It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC  perform a full range of work at all exertional levels except only where interpersonal contact with coworkers and supervisors was incidental to the work

performed; no contact with the public; complexity of task was learned and performed by rote with few variables and use of little judgment; and the supervision was simple, direct, and concrete. (Tr. 239-240, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 296-288). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 245, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act from January 1, 2009 to March 30, 2013. (Tr. 246, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **31st day of January 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE